[*] Kirkpatrick, C. J.
— Upon looking into this record, the proceeding appears to me, to be quite extraordinary.
Martha Stiles, the plaintiff, files her account in these words, viz:—
1807, Aug. 1. The estate of George Stiles,
To Martha Stiles, Dr.
To the maintenance of Ezekiel Stiles, son of the said George Stiles, dec’d, from the 8th of April, 1806, till the first day of Aug, 1807, at $1 per week, as per order from the Orphans’ Court herewith exhibited, this 1st day of Aug. 1807, $68 50.
With this account was filed also, the order of the Orphan’s Court therein referred to, which order is in these words, viz: “ Cape May Orphans’ Court, Term of October, 1806. On application of Martha Stiles to this Court, for keeping and maintaining Ezekiel Stiles, son of George Stiles dec. the Court allow one dollar per week for the maintenance of said child.”
This account, therefore, grounded on this order, is the foundation of the suit. One of the defendants appeared, and pleaded verbally no assets, and also filed an account against the plaintiff for certain articles of the intestate’s estate, which she had purchased from the said administrators, amounting to g80 48. The cause was then adjourned; and on the day of adjournment the plaintiff appeared — and thereupon, the justice, in the absence of the defendants, proceeded, as he says, to try the cause, and rendered judgment for the defendants in their absence, for gl2 8 of debt, and 70 cents of costs.
Had the proceeding of the justice been less liable to exception than it is, yet the very ground of the action itself, appears to me, to be unsound. It is no part of the duty of an administrator, as such, to maintain the children of the intestate. Each child is entitled either [*] by itself, or its guardian, to receive its distributive share of the estate after payment of debts, &c. and that is all the claim it can have against the administrators. They are no more liable for such maintenance than any other person, unless it be upon express contract, and that is not pretended here, It is true, that by the 11th section of the act constituting the Orphans’ Court, it is enacted, that the Court shall have full power and authority to order and decree a reasonable allowance for the maintenance and education of young children of per *269 sons dying intestate, &c., out of the personal estate of the deceased, &c. And upon this section, I presume, (for I can find no other color of authority) the Orphans’ Court, in this case, must have grounded their order. But if they have gone upon this, they have been unfortunate in one thing, viz: that this very section, on the 18th Feb. 1799, more than seven years before the making of their order, was repealed by the Legislature. The Court, therefore, have proceeded without authority; their order is void, and the account founded upon it as against these administrators, is unlawful. Reverse.
Giles, for plaintiff.
Rosseix, J. and Pkvningtov, J. — Concurred.
Judgment reversed.